IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GUSIR DAYSHON BOYER-WHITE,** | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **CIVIL ACTION NO. 25-CV-6550** |
| | : | |
| **COMMONWEALTH OF** | : | |
| **PENNSYLVANIA,** *et al.*, | : | |
| Defendants. | : | |

**MEMORANDUM**

**PEREZ, J.**                                                                                           **February 2, 2026**

Plaintiff Gusir Dayson Boyer-White, a prisoner who is currently housed at Chester County Prison, brings this *pro se* civil action alleging violations of his constitutional rights. Named as Defendants are the Commonwealth of Pennsylvania, the Coatesville Police Department, Warden Howard Holland, and Coatesville Police Officer Steven M. Parkinson. Boyer-White seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Boyer-White *in forma pauperis* status and dismiss his Complaint, in part with prejudice and in part without prejudice. He will be given leave to file an amended complaint if he can cure the deficiencies noted by the Court regarding his claims dismissed without prejudice.

**I.      FACTUAL ALLEGATIONS**[1]

The allegations in Boyer-White's Complaint are brief. He states that he was arrested by Officer Parkinson on November 1, 2023, pursuant to a felony arrest warrant, but that an arrest warrant was never issued and "still does not exist." (Compl. at 3.) Boyer-White references his state court criminal docket, *Commonwealth v. Boyer-White*, MJ-15307-CR-0000234-2023

---

[1] The following allegations are taken from the Complaint. (ECF No. 2.) The Court adopts the sequential pagination supplied to the Complaint by the CM/ECF docketing system.

(Chester), and states that his arrest was "based off [of] a complaint," that the criminal complaint is reflected on the docket, and that the docket does not have an entry for an arrest warrant. (*Id.*) He further states that the affidavit of probable cause lacked the judge's signature and seal. (*Id.*) Boyer-White alleges that his incarceration has caused paranoia, depression, and the "loss of everything" he possesses. (*Id.*) For relief, he seeks release from custody and money damages.[2] (*Id.* at 2.)

## II.     STANDARD OF REVIEW

The Court will grant Boyer-White leave to proceed *in forma pauperis* because it appears that he does not have the ability to pre-pay the fees to commence this case.[3] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a

---

[2] Boyer-White's request to be released from custody cannot be granted in a civil action, such as this one, brought pursuant to 42 U.S.C. § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (stating that when a prisoner "is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus"); *see also Jaffery v. Atl. Cnty. Prosecutor's Office*, 695 F. App'x 38, 41-42 (3d Cir. 2017) (*per curiam*) ("[T]o the extent Jaffery seeks dismissal of the charges against him as a result of constitutional violations, such relief is only available through a writ of habeas corpus."); *Duran v. Weeks*, 399 F. App'x 756, 759 (3d Cir. 2010) (*per curiam*) ("[T]o the extent that Duran is seeking dismissal of the charges against him as a result of constitutional violations, he is essentially asking for relief only available through habeas corpus."). The Court notes that, along with the papers for this case, Boyer-White also submitted to the court a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which is pending. *See Boyer-White v. Dist. Att'y of Chester Cnty., et al.*, Civ. A. No. 25-6549 (E.D. Pa.).

[3] However, since Boyer-White is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). At the screening stage, the Court will accept the facts alleged in the *pro se* Complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether that complaint, liberally construed, contains facts sufficient to state a plausible claim. *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678; *see also Martinez v. UPMC Susquehanna*, 986 F.3d 261, 266 (3d Cir. 2021) ("A plaintiff cannot survive dismissal just by alleging the conclusion to an ultimate legal issue.").

As Boyer-White is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala*, 704 F.3d at 245). An unrepresented litigant "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." *Id.*

### III. DISCUSSION

Boyer-White seeks damages for alleged violations of his constitutional rights pursuant to 42 U.S.C. § 1983. (*See* Compl. at 2.) "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). In a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege

3

how each defendant was involved in the events and occurrences giving rise to the claims. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998). Boyer-White's Complaint is best construed as alleging violations of his Fourth Amendment rights.[4] For the following reasons, Boyer-White has failed to allege any plausible claim.

### A. Claims against the Commonwealth of Pennsylvania

States are not considered "persons" who are liable under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989). Furthermore, the Eleventh Amendment bars suits against a state and its agencies in federal court when the state has not waived that immunity, *id.*, and the Commonwealth of Pennsylvania has not waived that immunity for claims under § 1983. See 42 Pa. Cons. Stat. § 8521(b). Accordingly, Boyer-White's claims against the Commonwealth of Pennsylvania must be dismissed with prejudice as not plausible.

### B. Claims against the Coatesville Police Department

Generally, a subdivision of a local government is not separate from the municipality of which it is a part and, accordingly, is not a proper defendant in a § 1983 action. *See, e.g., Martin*

---

[4] Although Boyer-White alleges that his Fourth and Fifth Amendment rights were violated (*see* Compl. at 2), only the Fourth Amendment is relevant to his allegations. The Fourth Amendment provides that "[t]he right of the people to be secure in their persons . . . against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. Boyer-White does not allege any facts that would invoke the Fifth Amendment and passing references to legal provisions are insufficient to bring a plausible constitutional claim before the Court. *See Higgins v. Bayada Home Health Care Inc.*, 62 F.4th 755, 763 (3d Cir. 2023) ("A passing reference to an issue will not suffice to bring that issue before this court." (cleaned up) (quoting *Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Energy Corp.*, 26 F.3d 375, 398 (3d Cir. 1994))). Moreover, to the extent Boyer-White intends to assert a Fifth Amendment due process claim, "[t]he due process clause of the Fifth Amendment 'only protects against federal governmental action and does not limit the actions of state officials.'" *Beahm v. Burke*, 982 F. Supp. 2d 451, 458 (E.D. Pa. 2013) (quoting *Caldwell v. Beard*, 324 F. App'x 186, 189 (3d Cir. 2011) (*per curiam*)). Accordingly, any claim based on a violation of the Fifth Amendment will be dismissed.

*v. Red Lion Police Dep't*, 146 F. App'x 558, 562 n.3 (3d Cir. 2005) (*per curiam*) ("[T]he Red Lion Police Department, as the sub-division of defendant Red Lion Borough through which the Red Lion Borough fulfills its policing functions, was not a proper defendant."); *Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 25 (3d Cir. 1997) ("As in past cases, we treat the municipality and its police department as a single entity for purposes of section 1983 liability") (citing *Colburn v. Upper Darby Township*, 838 F.2d 663, 671 n.7 (3d Cir. 1988)); *Bush v. City of Philadelphia Police Dep't*, 684 F. Supp. 2d 634, 636 (E.D. Pa. 2010) (same). Thus, the Coatesville Police Department is not a proper defendant in this matter and will be dismissed with prejudice.

### C. Claims against Warden Howard Holland

Warden Holland is listed in the caption of the Complaint and on the list of Defendants. (*See* Compl. at 1-2.) However, Boyer-White has presented no factual allegations against him. As noted above, to establish individual liability in a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, meaning a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims brought against that defendant. *See Rode*, 845 F.2d at 1207; *see also Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 290 (3d Cir. 2018). Moreover, liability under § 1983 cannot be predicated on a *respondeat superior* basis because the defendant merely holds a supervisory position. *Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 227 (3d Cir. 2015); *Robinson v. Delbalso*, No. 22-2378, 2022 WL 17248100, at *2 (3d. Cir. Nov. 28, 2022) (*per curiam*). Generalized allegations that a supervisory defendant is "in charge of" or "responsible for" a facility are insufficient to allege personal involvement in an underlying constitutional violation. *See Saisi v. Murray*, 822 F. App'x 47, 48 (3d Cir. 2020) (*per curiam*). In any event, it is not

clear how Warden Holland would bear any legal responsibility for any alleged false arrest or prosecution.[5]  Accordingly, any claims against Warden Holland will be dismissed.

### D. Claims against Coatesville Police Officer Steven Parkinson

Boyer-White's Fourth Amendment claims appear to be based on his November 1, 2023 arrest by Officer Parkinson pursuant to a felony arrest warrant and subsequent prosecution.  He alleges that, despite his arrest, "no arrest warrant was issued," and no arrest warrant exists. (Compl. at 3.)  Boyer-White references his Magisterial District Judge docket, *Commonwealth v. Boyer-White*, MJ-15307-CR-0000234-2023 (Chester), which shows that Boyer-White was arrested on November 1, 2023 by Parkinson.  *Id*.  The docket also indicates that a criminal complaint was filed in that matter on the same day of his arrest.  *Id*.  Following a preliminary hearing, the case was transferred to the Chester County Court of Common Pleas. *Commonwealth v. Boyer-White*, CP-15-CR-0000154-2024 (C.P. Chester).  The docket from the Court of Common Pleas reveals that on December 9, 2024, Boyer-White entered a negotiated guilty plea and was sentenced.  *See id*.; *see also Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (stating that the Court may take judicial notice of facts reflected in publicly available state court records).

The specifics of Boyer-White's Fourth Amendment claim are not clear.  To the extent that he asserts that he was arrested pursuant to a felony arrest warrant, his Fourth Amendment claim sounds in malicious prosecution.  *See Wallace v. Kato*, 549 U.S. 384, 390 (2007) (explaining that the tort of malicious prosecution "remedies detention accompanied, not by absence of legal process, but by wrongful institution of legal process"); *Noviho v. Lancaster Cty.*

---

[5] Boyer-White appears to name Warden Holland as a custodian.  However, because we cannot grant habeas relief in a civil action, *see Preiser*, 411 U.S. at 500, Warden Holland will be dismissed from this case.

*of Pa.*, 683 F. App'x 160, 166 (3d Cir. 2017) (*per curiam*) ("Arrests made pursuant to a 'validly issued—if not validly supported—arrest warrant' generally occur after the institution of legal process and, thus, sound in malicious prosecution rather than false arrest or imprisonment." (quoting *Myers v. Koopman*, 738 F.3d 1190, 1195 (10th Cir. 2013)).[6]

When a plaintiff seeks damages in a civil rights lawsuit in connection with a prior criminal conviction or sentence—as Boyer-White appears to do here with this malicious prosecution claim—"the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Commonly referred to as the "*Heck* bar," *see Wallace v. Kato*, 549 U.S. 384, 385 (2007), this rule prevents plaintiffs from bringing claims, the success of which would render a sentence or conviction invalid, unless the plaintiff can show "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."

---

[6] To state a Fourth Amendment malicious prosecution claim, a plaintiff must plausibly allege that a government official charged him without probable cause, leading to an unreasonable seizure of his person. *Chiaverini v. City of Napoleon, Ohio*, 602 U.S. 556, 558 (2024) (citing *Thompson v. Clark*, 596 U.S. 36, 43, and n.2 (2022)). A malicious prosecution claim under § 1983 has five elements: (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding. *Harvard v. Cesnalis*, 973 F.3d 190, 203 (3d Cir. 2020) (internal quotations and citation omitted). A "favorable termination" occurs when a prosecution ends "without a conviction." *Thompson*, 596 U.S. at 49. Guilty pleas generally do not qualify as terminations in favor of the accused. *See Walker v. N. Wales Borough*, 395 F. Supp. 2d 219, 232 (E.D. Pa. 2005) ("A guilty plea, even if part of a compromise with the prosecutor, is fatal to a malicious prosecution claim.").

*Heck*, 512 U.S. at 486-87; *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation) — no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) — if success in that action would necessarily demonstrate the invalidity of confinement or its duration." (emphasis omitted)). "A claim . . . bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983." *Heck*, 512 U.S. at 487 (emphasis in original). Indeed, "the favorable-termination requirement is a necessary element of the claim for relief under § 1983." *Garrett v. Murphy*, 17 F.4th 419, 429 (3d Cir. 2021).

Boyer-White's malicious prosecution claim (and any other purported constitutional challenge to his conviction) involves precisely the type of allegations that would invalidate a conviction and necessarily imply its invalidity. *See, e.g.*, *Curry v. Yachera*, 835 F.3d 373, 379 (3d Cir. 2016) (affirming dismissal of malicious prosecution claims based on conviction resulting from *nolo contendere* plea as barred by *Heck* "because their success would imply that [the plaintiff's] conviction was invalid"); *Nash v. Kenney*, No. 19-1256, 2019 WL 4071946, at *2 (3d Cir. Aug. 29, 2019) (*per curiam*) ("Nash's malicious-prosecution and speedy-trial claims—which challenge his post-arraignment detainment—are barred by the favorable-termination rule of [*Heck*].")."). Boyer-White does not allege that his conviction has been invalidated, overturned, or otherwise favorably terminated. Indeed, the public docket reflects that he entered a negotiated plea, was sentenced, and that the conviction remains intact. Accordingly, his malicious prosecution claim is not cognizable under § 1983 and must be dismissed. *Heck*, 512 U.S. at 487; *Massey v. Pfeifer*, 804 F. App'x 113, 116 (3d Cir. 2020) (*per*

*curiam*) (concluding that Fourth Amendment malicious prosecution claim was *Heck*-barred where plea was treated as a conviction and the conviction had not been overturned).

To the extent that Boyer-White alleges Fourth Amendment false arrest and false imprisonment claims based on some other aspect of his arrest, these claims are not the type of claims that are categorically barred by *Heck*. *See Heck*, 512 U.S. at 487 n.7 (discussing unlawful search claims); *Montgomery v. De Simone*, 159 F.3d 120, 126 n.5 (3d Cir. 1998) (explaining that "[plaintiff's] claims for false arrest and false imprisonment are not the type of claims contemplated by the Court in *Heck* which necessarily implicate the validity of a conviction or sentence"). However, any false arrest or false imprisonment claim fails for other reasons. To state a claim for false arrest and related false imprisonment under the Fourth Amendment, a plaintiff must allege facts establishing that he was arrested without probable cause. *See Orsatti v. N.J. State Police*, 71 F.3d 480, 482 (3d Cir. 1995); *Harvard*, 973 F.3d at 199 ("False arrest and false imprisonment claims will necessarily fail if probable cause existed for any one of the crimes charged against the arrestee." (quotation omitted)). "[P]robable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Id*. at 483. Boyer-White's sparse Complaint alleges only that a criminal proceeding was initiated against him and, presumably, that he was detained pursuant to these charges. He does not allege any facts about the arrest itself including, significantly, that Parkinson lacked probable cause. Boyer-White's failure to plead the absence of probable cause is fatal to any false arrest or false imprisonment claim he may intend to assert. *See Noviho*, 683 F. App'x at 164 ("Fourth Amendment false imprisonment and false arrest claims rise and fall on whether probable cause existed for the arrest." (citation omitted)).

IV.     **CONCLUSION**

For the foregoing reasons, the Court will grant Boyer-White leave to proceed *in forma pauperis* and dismiss his Complaint in part with prejudice and in part without prejudice. Boyer-White's claims against the Commonwealth of Pennsylvania, the Coatesville Police Department, and Warden Howard Holland will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. His Fourth Amendment malicious prosecution claim will be dismissed without prejudice to Boyer-White filing a new civil rights complaint only in the event his convictions are reversed, vacated, or otherwise invalidated. *See Curry*, 835 F.3d at 379 (*Heck*-barred claims must be dismissed without prejudice). His Fourth Amendment false arrest and false imprisonment claims will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Boyer-White will be given an opportunity to correct the defects in his false arrest and false imprisonment claims by filing an amended complaint. An appropriate Order follows, which provides further instruction about amendment.

BY THE COURT:

_____
**HON. MIA R. PEREZ**